UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRENDA WYKE,  )
    Plaintiff,  )
 )
v.  ) No. 3:07-CV-52
 ) (Phillips/Guyton)
MICHAEL J. ASTRUE,  )
COMMISSIONER OF SOCIAL SECURITY,  )
    Defendant.  )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 15] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 14]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 10] be denied and that defendant Commissioner's motion for summary judgment [Doc. 12] be granted.

Plaintiff made application for disability insurance benefits and supplemental security income on July 11, 2003, which was denied by an administrative law judge (ALJ) on March 31, 2006. Plaintiff exhausted her administrative remedies and sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those portions of

the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff's first objection is that the ALJ erred in finding that the plaintiff retained the residual functional capacity to perform a range of light work. The ALJ's finding is supported by the opinion of Dr. George Bounds, a state agency physician, who opined that plaintiff could occasionally lift 20 pounds, and sit, stand or walk about 6 hours in an 8 hour workday. Plaintiff argues that the ALJ rejected the opinion of Dr. Johnson who found that plaintiff could only sit for five hours per day. The weight given a physician's opinion depends upon the extent to which it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. 20 C.F.R. § 416.927(d). It is within the ALJ's power to determine that the medical evidence of record was more consistent with the diagnosis of one doctor over another. *See Crowe v. Harris,* 489 F.Supp. 683, 689 (E.D.Tenn. 1980). Based on the record, the court finds that the ALJ properly weighed all of the evidence of record and acted within his authority by giving more evidentiary weight to Dr. Bounds' opinion. Plaintiff's first objection is overruled.

Plaintiff's second objection is that the ALJ erred in rejecting the opinion of Dr. Gilmer Reed. However, as noted by the ALJ, "Dr. Reed is a podiatrist and his opinion appears to rest at least in part on an assessment of impairments outside the doctor's area of expertise." The ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by acceptable medical evidence. *Cohen v. Secretary of Health and*

*Human Services,* 964 F.2d 524, 528 (6th Cir. 1992). As Dr. Reed's assessment was not consistent with the objective medical evidence in the record, the ALJ properly discounted his opinion. Plaintiff's second objection will be overruled.

Plaintiff's third objection is that the ALJ failed to obtain Dr. Reed's office notes. Following the plaintiff's hearing, the ALJ did obtain additional evidence from plaintiff's physicians, including Dr. Reed. In addition, the ALJ informed plaintiff that she could submit additional evidence and allowed her the opportunity to request another hearing. Plaintiff did neither. The burden of providing a complete record rests with the plaintiff. *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211 (6th Cir. 1986). Therefore, plaintiff's third objection will be overruled.

Plaintiff's fourth objection is that the ALJ erred by failing to obtain a medical opinion regarding her mental impairments. The decision to order a consultative examination is made when the ALJ needs additional information, such as clinical or laboratory test results in order to make a disability determination, or when a conflict or ambiguity in the evidence must be resolved. 20 C.F.R. § 416.919a. Here, neither plaintiff nor any physician suggested mental impairments or limitations on her ability to work based on any purported mental impairment. The agency is not required to purchase examinations to follow up every potential lead, but only to ensure that there is sufficient information in the record so that a disability determination can be made. 20 C.F.R. § 416.919f. Finding no error, plaintiff's fourth objection is overruled.

Plaintiff's fifth objection is that the hypothetical question to the vocational expert (VE) was incomplete and did not accurately portray plaintiff's limitations. At plaintiff's hearing, the ALJ asked the VE whether jobs existed for a person such as plaintiff, who could perform light work, but had the following additional limitations: inability to perform frequent overhead motions, bending, stooping, squatting, or operation of foot pedals; inability to handle excessive vibration; need to avoid exposure to dust, fumes and gasses; and a sit/stand option at will. The VE testified that such a person could perform thousands of light jobs, and then identified those jobs.

Substantial evidence may be acquired by reliance on the testimony of a VE given in response to a hypothetical question which accurately portrays the physical and mental impairments of a claimant. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987). A hypothetical question posed to a VE is required to incorporate only those limitations which are accepted as credible by the finder of fact, *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Stanley v. Secretary of Health and Human Services,* 39 F.3d 115, 118 (6th Cri. 1994), and which are supported by evidence in the record. *See Hardaway v. Secretary of Health and Human Services,* 823 f.2d 922, 927 (6th Cir. 1987). In addition, an ALJ is "not required to include in the question every conceivable limitation." *Underwood v. Commissioner of Social Security,* 2000 WL 32024 (6th Cir. Jan 5, 2000). After consideration of this issue, the court concludes that there was no error in the hypothetical to the VE. This objection will be overruled as well.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

      s/ Thomas W. Phillips
    United States District Judge